FILED

UNITED STATES DISTRICT COURT 2016 SEP 12 AM 11: 31
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARISA DIGIACOMO,

    Plaintiff,

-VS-                           CASE NO.:   5:16-cv-558-OC-41PRL

COMENITY, LLC

    Defendant.

_____/

## COMPLAINT

    COMES NOW Plaintiff, Marisa Digiacomo, by and through the undersigned counsel, and sues Defendant, COMENITY LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

    1.    The TCPA was enacted to prevent companies like COMENITY LLC from invading American citizen's privacy and prevent abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

    3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Citrus County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Citrus County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, COMENITY LLC, is a corporation which was formed in Delaware, responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

14.      The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     COMENITY LLC is a "creditor" as defined in Florida Statute §559.55(5)

16.     COMENITY LLC called Plaintiff on Plaintiff's cellular telephone approximately six hundred (600) times since July 2015, in an attempt to collect a debt.

17.     COMENITY LLC attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she head an extended pause when she answered a phone call from Defendant and often had to say hello multiple times before a representative of Defendant would come on the line.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352) ***-1324, and was the called party and recipient of Defendant's calls.

20.     Beginning on or about July 2015, COMENITY LLC began bombarding Plaintiff's cellular telephone (352) ***-1324 in an attempt to collect on a credit card loan.

21.     Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers:  (303) 255-5352, (720) 456-3685, (720) 456-3969, and (614) 754-4057.

22.     In or about September 2015, due to the ceaseless barrage of phone calls received from the Defendant, Plaintiff answered a call from Defendant, was met with an extended pause, held the line to speak with a live representative, was eventually connected to an agent/representative of the Defendant, and demanded the Defendant cease placing calls to her aforementioned cellular telephone number.

23.     During the aforementioned September of 2015 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

4

24.    Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25.    Again, in or about October 2015, due to the continued calls to her aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, held the line to speak with a live representative, was eventually connected to an agent/representative of the Defendant, and informed an agent/representative of the Defendant that she would make a payment when she was able, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

26.    Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after August 2015, including but not limited to the following calls:

      a.  12/08/15 at 8:12 am from (720) 456-3689;

      b.  12/08/15 at 8:12 am from (720) 456-3685;

      c.  12/08/16 at 8:25 am from (303) 255-5352;

      d.  12/08/15 at 9:16 am from (720) 456-3696;

      e.  12/08/15 at 9:16 am from (720) 456-3685;

      f.  12/07/15 at 5:19 pm from (720) 456-3685;

      g.  12/07/15 at 8:05 pm from (614) 754-4057; and

      h.  12/07/15 at 8:10 am from (720) 456-3685.

27.    Each of the Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

28.    COMENITY LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

29.    COMENITY LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or COMENITY LLC, to remove the number.

30.    COMENITY LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to COMENITY LLC they wish for the calls to stop.

31.    COMENITY LLC has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32.    COMENITY LLC has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

33.    COMENITY LLC has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

34.    COMENITY LLC's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

35.    COMENITY LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36.    Not a single call placed by COMENITY LLC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.    COMENITY LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

38.     From each and every call placed without consent by COMENITY LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

39.     From each and every call without express consent placed by COMENITY LLC to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from COMENITY LLC's calls.

40.     From each and every call placed without express consent by COMENITY LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by COMENITY LLC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42.     Each and every call placed without express consent by COMENITY LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

43.     Each and every call placed without express consent by COMENITY LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

44.     Each and every call placed without express consent by COMENITY LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

45.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

46.     Plaintiff fully incorporates and realleges paragraphs one through forty-five (1-45) as if fully set forth herein.

47.   COMENITY LLC willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified COMENITY LLC that she wished for the calls to stop.

48.   COMENITY LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49.   Plaintiff fully incorporates and realleges paragraphs one through forty-five (1-45) as if fully set forth herein.

50.   At all times relevant to this action COMENITY LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

51.   COMENITY LLC has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

52.   COMENITY LLC has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

53.    COMENITY LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff